1  BOWMAN AND BROOKE LLP
   Richard L. Stuhlbarg (SBN 180631)
2  Douglas J. Lief (SBN 240025)
   879 West 190th Street, Suite 700
3  Gardena, California 90248
   TEL: 310-768-3068
4  FAX: 310-719-1019
   EM:  richard.stuhlbarg@bowmanandbrooke.com
5  EM:  douglas.lief@bowmanandbrooke.com

6  Attorneys for Defendants, MASERATI NORTH AMERICA, INC. and
   SERVIZIO ROSSO, LLC

7

8              **UNITED STATES DISTRICT COURT**

9        **CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES**

10                                    CV12-04031 GW (JCx)

11  ROBERT MAHANIAN,                )  CASE NO:
                                    )
12            Plaintiff,            )  (Removed from L.A.S.C.-West
                                    )  District (Beverly Hills)–Case No.
13  vs.                             )  SC117031)
                                    )
14  MASERATI NORTH AMERICA,         )  **NOTICE OF REMOVAL TO THE**
    INC.; SERVIZIO ROSSO, LLC; and  )  **UNITED STATES DISTRICT**
15  DOES 1 through 100, Inclusive,  )  **COURT FOR THE CENTRAL**
                                    )  **DISTRICT OF CALIFORNIA –**
16            Defendants.           )  **LOS ANGELES OFFICE UNDER**
                                    )  **28 USC 1441(b) FEDERAL**
17                                  )  **QUESTION; DECLARATION OF**
                                    )  **RICHARD L. STUHLBARG;**
18                                     **EXHIBITS "A" – "B"**

19                                     Action Filed:   May 11, 2012
                                       Trial Date:     None
20                                     Disc. Cut-Off:  None
                                       Motion Cut-Off: None
21

22       TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR

23  THE CENTRAL DISTRICT OF CALIFORNIA:

24       Defendants Maserati North America, Inc. and Servizio Rosso, LLC

25  ("Defendants") hereby remove this case to the United States District Court

26  for the Central District of California, Los Angeles Office pursuant to 28

27  U.S.C. § 1441(b), 28 U.S.C. § 1331, 15 U.S.C. § 2310(d)(1)(B), and 28

28  U.S.C. § 1367(a).   The basis for removal is as follows:

1. On May 11, 2012, plaintiff Robert Mahanian filed his Complaint in the Los Angeles County Superior Court alleging causes of action relating to the purchase of his 2008 Maserati Granturismo, VIN ZAMGJ45AX80038881. The only named defendants are Maserati North America, Inc. and Servizio Rosso, LLC. The Complaint alleges the following causes of action: (1) Breach of Express and Implied Warranties Under Song-Beverly Consumer Warranty Act, (2) Violation of Song-Beverly Consumer Warranty Act – Failure to Repair Defect(s) Within a Reasonable Number of Attempts, (3) Violation of Song-Beverly Consumer Warranty Act – Failure to Repair Defect(s) Within 30 Days, (4) Violation of Express Warranties Under Magnuson-Moss Warranty Act, (5) Violation of Implied Warranties Under Magnuson-Moss Warranty Act, (6) Intentional Misrepresentation, (7) Negligent Misrepresentation, and (8) Concealment. Maserati North America, Inc. was served with the Summons and Complaint on May 14, 2012. Servizio Rosso, LLC was served with the Summons and Complaint on May 22, 2012.

2. Federal Question Jurisdiction under 28 U.S.C. § 1441(b): Federal district courts have original jurisdiction in actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b). An action "arises under" the federal law within the meaning of 28 U.S.C. § 1331, if federal law either creates the cause of action or the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. Franchise Tax Board v. Construction Laborers Vacation Trust (1983) 463 U.S. 1, 27-28.

This Court has original jurisdiction of plaintiff's fourth and fifth causes of action as they "arise under" a federal statute, i.e. 15 U.S.C. § 2301 et seq., otherwise known as the Magnuson-Moss Warranty Act.

3. Amount in Controversy under 15 U.S.C. § 2310(d)(3)(B): Section 2310(d)(1)(B) of Magnuson Moss states in part that a consumer who is damaged by a warrantor's failure to comply with a warranty "may bring suit for damages and other legal and equitable relief in an appropriate district court of the United States, subject to paragraph (3) of this subsection." Paragraph (3) goes on to state that "[n[o claim shall be cognizable in a suit brought under paragraph (1)(B) of this subsection ... if the amount in controversy is less than the sum or value of $50,000 (exclusive of interest and costs) computed on the basis of all claims to be determined in this suit...." 15 U.S.C. § 2310(d)(3)(B).

The amount-in-controversy exceeds $50,000 as according to paragraph 10 of Plaintiff's Complaint "the purchase price of the SUBJECT VEHICLE was $94,000." Plaintiff's prayer for damages also includes a request for attorneys' fees, a civil penalty of up to double plaintiff's actual damages, for punitive damages, for incidental and consequential damages, and other fees incurred by Plaintiff. See Harris v. Gulf Stream Coach, Inc. (E.D. Mich. 2008) 547 F.Supp.2d 765 (Buyer who purchased recreational vehicle brought suit against manufacturer, and seller satisfied $50,000 amount-in-controversy requirement under Magnuson-Moss so as to warrant removal where purchase price paid by buyer was at least $79,978.00.)

///
///
///
///

1687867-WE 1

3

NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES OFFICE UNDER 28 USC 1441(b) FEDERAL QUESTION; DECLARATION OF RICHARD L. STUHLBARG; EXHIBITS "A" – "B"

4.    Supplemental Jurisdiction: "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).  The Supreme Court has noted that the supplemental jurisdiction statute "applies with equal force to cases removed to federal court as to cases initially filed there; a removed case is necessarily one 'of which the district courts . . . have original jurisdiction'...." City of Chicago v. International College of Surgeons (1997) 522 U.S. 156, 165.  Although one of several claims does not "arise under" federal law, removal is still appropriate if that claim is transactionally related (i.e. "supplemental") to at least one substantial federal claim.  Zuniga v. Blue Cross & Blue Shield of Michigan (6th Cir. 1995) 52 F.3d 1395, 1399.  A single case exists in the constitutional sense wherever the state and federal claims arise from a "common nucleus of operative facts" such that a plaintiff "would ordinarily be expected to try them all in a single judicial proceeding." United Mine Workers v. Gibbs (1966) 383 U.S. 715, 725.

Here, all of plaintiff's causes of action arise out of the same nucleus of operative facts, i.e. the purchase of the subject 2008 Granturismo, its alleged warranties, and alleged mechanical concerns with the vehicle. Accordingly, supplemental jurisdiction under 28 U.S.C. § 1367 of plaintiff's remaining causes of action is appropriate.  See Priebe v. Autobarn, Ltd (7th Cir. 2001) 240 F.3d 584 (where federal jurisdiction existed under Magnuson-Moss, district court properly exercised supplemental jurisdiction over plaintiffs' remaining causes of action including a state fraudulent business practices claim and a common law fraud claim.)

///

1      5.    Based upon the foregoing, all requirements for federal subject

2  matter jurisdiction have been met.  Defendants therefore request that this

3  action now pending against it in the Superior Court of California, County of

4  Los Angeles be removed to this Court, and that this Court assume

5  complete jurisdiction in this matter.

6  Dated:  May 21, 2012            BOWMAN AND BROOKE LLP

7

8                                 By:

9                                 Richard L. Stuhlbarg
                                  Douglas J. Lief

10                                Attorneys for Defendants,
                                  MASERATI NORTH AMERICA,

11                                INC. and SERVIZIO ROSSO, LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF RICHARD L. STUHLBARG

I, Richard L. Stuhlbarg, declare as follows:

1.     I am an attorney admitted to practice before all courts of the State of California and the Central District of California.  I am an attorney employed by Bowman and Brooke LLP, attorneys of record for Maserati North America, Inc. and Servizio Rosso, LLC ("Defendants").   I have personal knowledge of all the facts set forth herein, and if called upon to do so by the court, could and would testify competently thereto.  As to those matters stated upon information and belief, I am informed and believe such matters to be true.

2.     This declaration is offered in support of Defendants' Notice of Removal to the United States District Court for the Northern District of California Under 28 U.S.C. Section 1441(2).

3.     A true and correct copy of plaintiff's Complaint and all service of process effected on Maserati North America, Inc. is attached hereto as Exhibit "A."

4.     A true and correct copy of plaintiff's Complaint and all service of process effected on Servizio Rosso, LLC is attached hereto as Exhibit "B."

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this ___31___ day of May, 2012 at Gardena, California.

_____

Richard L. Stuhlbarg, Declarant

1687867-WE 1

6

**EXHIBIT  A**

 CT Corporation

**Service of Process Transmittal**
05/14/2012
CT Log Number 520505073

TO:     David Wertheim
        Ferrari North America, Inc.
        250 Sylvan Avenue
        Englewood Cliffs, NJ 07632-

RE:     **Process Served in California**

FOR:    Maserati North America, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Robert Mahanian, Pltf. vs. Maserati North America, Inc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Notice, Stipulation and Order, ADR Information Package, Cover Sheet, Addendum and Statement, Complaint |
| **COURT/AGENCY:** | Los Angeles County - Superior Court - Santa Monica, CA
Case # SC117031 |
| **NATURE OF ACTION:** | Product Liability Litigation - Breach of Warranty - Failure to repair defects of a 2008 Maserati Granturismo, VIN: ZAMGJ45AX80038881 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/14/2012 at 12:15 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days |
| **ATTORNEY(S) / SENDER(S):** | Robert Mahanian
861 North Norman Place
Los Angeles, CA 90049
310-710-9395 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 793564769882
Image SOP
Email Notification, David Wertheim dwertheim@ferrariusa.com
Email Notification, Karen Hayes KHayes@MaseratiUSA.com
Email Notification, Evelyn Farulla efarulla@ferrariusa.com
Email Notification, Sharon Beckford sbeckford@maseratiusa.com
Email Notification, Liz McCrohan lmccrohan@ferrariusa.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street
Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  1 / SR

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

9/4 12:15

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

MASERATI NORTH AMERICA, INC.; SERVIZIO ROSSO, LLC;
AND DOES 1 THROUGH 100 INCLUSIVE.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ROBERT MAHANIAN, An Individual.

</td><td>

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 1 1 2012

John A. Clarke, Executive Officer/Clerk

By M. Kurihara, Deputy

</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org); en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):* Santa Monica - West District
1725 MAIN STREET, SANTA MONICA, CA 90401

</td><td>

CASE NUMBER:
*(Número del Caso):*
**SC117031**

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
ROBERT MAHANIAN, 861 North Norman Place, Los Angeles, CA 90049, 310-710-9395

DATE: MAY 1 1 2012      JOHN A. CLARKE, CLERK      Clerk, by M. Kurihara , Deputy
*(Fecha)*                                  *(Secretario)*                              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☑ on behalf of *(specify)*: Maserati North America Inc.

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

CASE NO. _____ SC117031 _____

## *NOTICE OF CASE ASSIGNMENT TO INDIVIDUAL CALENDAR COURT*

**TO PLAINTIFFS AND PLAINTIFFS' ATTORNEYS OF RECORD or PLAINTIFFS IN PRO PER:**

**IT IS HEREBY ORDERED AND YOU ARE HEREBY NOTIFIED** that this action shall be assigned to a Judge for all purposes, including trial, as follows:

~~Richard A. Stone~~                          Department: X

☐  Santa Monica Courthouse                   Judge Richard A. Stone
   1725 Main Street                          Beverly Hills Courthouse
   Santa Monica, CA 90401                    Department WE-X
                                             9355 Burton Way
                                             Beverly Hills, CA 90210

**IT IS FURTHER ORDERED THAT PLAINTIFF OR COUNSEL FOR PLAINTIFF SHALL GIVE NOTICE OF THIS ALL-PURPOSE CASE ASSIGNMENT** by serving a copy of this Notice on all parties to this action at the time the Summons and Complaint are served, or, if not a served party, then when such party (including any cross-defendant or complainant-in-intervention) appears in the action.

**CASE MANAGEMENT REVIEW AND CONFERENCE:** Upon the filing of the Complaint, a Case Management Review and Conference will be calendared for hearing in the Court to which the case is assigned. The hearing date will be stamped upon the face of the Complaint. Plaintiff shall give notice of the Case Management Review and Conference to all named parties in conjunction with service of the Summons and Complaint and include any later appearing party such as a cross-defendant or complainant-in-intervention served within this time period. Proof of service must be brought to the hearing if not previously filed. Failure to timely file proof of service of Summons and Complaint within 60 days after filing the Complaint (CRC 3.110) may result in an Order to Show Cause re sanctions being issued. (CRC 3.110(f).)

If a case is assigned to Department X, located in the Beverly Hills Courthouse, all documents, pleadings, motions, and papers filed subsequent to the original Complaint shall be filed directly in the courtroom stamped upon the Complaint.

**TIME STANDARDS:** Cases will be subject to processing under the following time standards:

**COMPLAINTS:** All Complaints shall be served on all named defendants and proof of service filed within 60 days after the filing of the Complaint. The Court may set an OSC re failure to file proof of service of Summons and Complaint if not timely filed. (CRC 3.110(b).)

**CROSS-COMPLAINTS:** No Cross-Complaint may be filed by any party after its answer is filed without first obtaining leave of court. Cross-Complaints shall be served and proof of service filed within 30 days of the filing date, unless a party has appeared in the action. (CRC 3.110(c).)

**APPLICABLE RULES:** Counsel as well as self-represented parties are directed to familiarize themselves with the Local Rules for the County of Los Angeles, particularly Chapter 3 Civil Division Rules, and California Rules of Court relating to civil case management. These Rules apply to all general civil cases and shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE:** A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment of the Judge, or if a party has not yet appeared, within 15 days of the first appearance of that party. (Government Code Section 68616, subdivision (i); Local Rule 7.5.)

**PREPARATION AND PROCEDURES FOR CASE MANAGEMENT REVIEW AND CONFERENCE:** Pursuant to CRC 3.724, no later than 30 calendar days before the date set for the Case Management Conference, the parties must meet and confer, in person or by telephone, to consider each of the issues identified in Rule 3.727 and, in addition, to consider the following:

(1)    Resolving any discovery disputes and setting a discovery schedule;

(2)    Identifying and, if possible, informally resolving any anticipated motions;

(3)    Identifying the facts and issues in the case that are uncontested and may be the subject of stipulation;

(4)    Identifying the facts and issues in the case that are in dispute;

(5)    Determining whether the issues in the case can be narrowed by eliminating any claims or defenses by means of a motion or otherwise;

(6)    Determining whether settlement is possible;

(7)    Identifying the dates on which all parties and their attorneys are available or not available for trial, including the reasons for unavailability; and

(8)    Other relevant matters.

Pursuant to CRC 3.725, no later than 15 calendar days before the date set for the Case Management Conference or Review, each party must file a Case Management Statement and serve it on all other parties in the case. In lieu of each party's filing a separate Case Management Statement, any two or more parties may file a joint Statement.

The subjects to be considered at the Case Management Conference shall include the following (CRC Rule 3.727):

(1) Whether there are any related cases;

(2) Whether all parties named in the Complaint or Cross-Complaint have been served, have appeared, or have been dismissed;

(3) Whether any additional parties may be added or the pleadings may be amended;

(4) Whether, if the case is a limited civil case, the economic litigation procedures under Code of Civil Procedure Section 90 et seq. will apply to it or the party intends to bring a motion to exempt the case from these procedures;

(5) Whether any other matters (e.g., the bankruptcy of a party) may affect the Court's jurisdiction or processing of the case;

(6) Whether the parties have stipulated to, or the case should be referred to, judicial arbitration in courts having a judicial arbitration program or to any other form of alternative dispute resolution (ADR) process and, if so, the date by which the judicial arbitration or other ADR process must be completed;

(7) Whether an early settlement conference should be scheduled and, if so, on what date;

(8) Whether discovery has been completed and, if not, the date by which it will be completed;

(9) What discovery issues are anticipated;

(10) Whether the case should be bifurcated or a hearing should be set for a motion to bifurcate under Code of Civil Procedure Section 598;

(11) Whether there are any Cross-Complaints that are not ready to be set for trial and, if so, whether they should be severed;

(12) Whether the case is entitled to any statutory preference and, if so, the statute granting the preference;

(13) Whether a jury trial is demanded and, if so, the identity of each party requesting a jury trial;

(14)    If the trial date has not been previously set, the date by which the case will be ready for trial and the available trial dates;

(15)    The estimated length of trial;

(16)    The nature of the injuries;

(17)    The amount of damages, including any special or punitive damages;

(18)    Any additional relief sought;

(19)    Whether there are any insurance coverage issues that may affect the resolution of the case; and

(20)    Any other matters that should be considered by the Court or addressed in its Case Management Order.

**SANCTIONS:** The Court has authority to impose appropriate sanctions for the failure or refusal to comply with provisions of the California Rules of Court and Local Rules governing time standards and case management conference requirements or deadlines. Such sanctions may be imposed upon counsel, a party, or both, as permitted by rule, statute, or law.

**This is not a complete representation of the applicable Local Rules or California Rules of Court, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under the Trial Court Delay Reduction Rules. Careful reading and compliance with the Local Rules and California Rules of Court are absolutely imperative.**

JOSEPH S. BIDERMAN, Supervising Judge
Los Angeles Superior Court, West District

ADMIN/LM -7/26/11

-4-

| NAME, ADDRESS AND PHONE NUMBER OF ATTORNEYS | FILE STAMP |
|---|---|

Attorney(s) for:

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

|  | CASE NUMBER |
|---|---|
| PLAINTIFF(S). | |
| vs. | STIPULATION AND ORDER RE BINDING ARBITRATION |
| DEFENDANT(S). | Status Conference Date: At_____ a.m. in Department_____ . |

**THE PARTIES SHOULD CONSIDER BINDING ARBITRATION. BINDING ARBITRATION PROVIDES FINALITY AND ELIMINATES COURT APPEARANCES. THE ARBITRATION IS PROVIDED AT NO COST TO THE PARTIES. IF THIS STIPULATION IS SIGNED AND FILED DIRECTLY IN THE ABOVE DEPARTMENT, FIVE COURT DAYS PRIOR TO THE DATE SET FOR THE STATUS CONFERENCE, NO APPEARANCE IS REQUIRED AT THE STATUS CONFERENCE.**

The parties and their attorneys, hereby stipulate as follows:

1. The matter shall be submitted to binding arbitration and the parties waive their right to a trial de novo as provided in California Code of Civil Procedure, Section 1141.20.

2. _____, a member of The Superior Court Arbitration panel, shall serve as arbitrator.

3. All cross complaints have been filed.

4. All fictitious and named defendants/cross-defendants who have not filed an answer are dismissed.

5. The court retains jurisdiction over motions to enforce the arbitration award and other post-arbitration motions.

Executed this_____ day  of_____ , 20__ .

_____
Plaintiff

_____
Attorney for Plaintiff

_____
Defendant

_____
Attorney for Defendant

## ORDER

It is so ordered:

DATE: _____     JUDGE _____

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

   **Cases for Which Mediation May Be Appropriate**
   Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

   **Cases for Which Mediation May Not Be Appropriate**
   Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

   **Cases for Which Arbitration May Be Appropriate**
   Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

   **Cases for Which Arbitration May Not Be Appropriate**
   If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

   **Cases for Which Neutral Evaluation May Be Appropriate**
   Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

   **Cases for Which Neutral Evaluation May Not Be Appropriate**
   Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

LAADR 005 (05-09)
LASC Approved

## LOS ANGELES SUPERIOR COURT ADR PROGRAMS

CIVIL:
- Civil Action Mediation (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- Retired Judge Settlement Conference
- Neutral Evaluation (Governed by Los Angeles Superior Court Rules, chapter 12.)
- Judicial Arbitration (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- Eminent Domain Mediation (Governed by Code of Civil Procedure section 1250.420.)
- Civil Harassment Mediation
- Small Claims Mediation

FAMILY LAW (non-custody):
- Mediation
- Forensic Certified Public Accountant (CPA) Settlement Conference
- Settlement Conference
- Nonbinding Arbitration (Governed by Family Code section 2554.)

PROBATE:
- Mediation
- Settlement Conference

### NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

### COURT ADR PANELS

| | |
|---|---|
| **Party Select Panel** | The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| **Random Select Panel** | The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| **Private Neutral** | The market rate for private neutrals can range from $300-$1,000 per hour. |

### ADR ASSISTANCE

**For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.**

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program
A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office.

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**

**CELA**

**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:  
E-MAIL ADDRESS (Optional):  FAX NO. (Optional):  
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference directly in the Courtroom on the approved form (copy attached);

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;



| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR PLAINTIFF)

> _____
(ATTORNEY FOR DEFENDANT)

> _____
(ATTORNEY FOR DEFENDANT)

> _____
(ATTORNEY FOR DEFENDANT)

> _____
(ATTORNEY FOR _____)

> _____
(ATTORNEY FOR _____)

> _____
(ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1.  The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

    a.  Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b.  Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c.  Exchange of names and contact information of witnesses;

    d.  Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e.  Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f.  Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g.  Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lasuperiorcourt.org** under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
(INSERT DATE)                    (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case.  The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____        ➢ _____
      (TYPE OR PRINT NAME)                                 (ATTORNEY FOR PLAINTIFF)
Date:

_____        ➢ _____
      (TYPE OR PRINT NAME)                                (ATTORNEY FOR DEFENDANT)
Date:

_____        ➢ _____
      (TYPE OR PRINT NAME)                                (ATTORNEY FOR DEFENDANT)
Date:

_____        ➢ _____
      (TYPE OR PRINT NAME)                                (ATTORNEY FOR DEFENDANT)
Date:

_____        ➢ _____
      (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)
Date:

_____        ➢ _____
      (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)
Date:

_____        ➢ _____
      (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):                    FAX NO. (Optional):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference
2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).
3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).
4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. This description should not exceed the space below and one additional page. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| ROBERT MAHANIAN<br>861 NORTH NORMAN PLACE<br>LOS ANGELES, CA 90049<br>TELEPHONE NO.: 310-710-9395   FAX NO. *(Name)*: 800-848-8892<br>ATTORNEY FOR *(Name)*: | **CONFORMED COPY**<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>MAY 1 1 2012<br><br>John A. Clarke, Executive Officer/Clerk<br><br>By M. Kurihara, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS: 1725 MAIN STREET
MAILING ADDRESS: 1725 MAIN STREET
CITY AND ZIP CODE: SANTA MONICA, CA 90401
BRANCH NAME: WEST JUDICIAL DISTRICT

CASE NAME:
MAHANIAN v. MASERATI NORTH AMERICA, INC., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: **SC117001** |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE: Richard A. Stone<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[✓] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is   [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive

4. Number of causes of action *(specify):*  EIGHT (8)

5. This case [ ] is   [✓] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date:
ROBERT MAHANIAN
_____   _____
(TYPE OR PRINT NAME)   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

| SHORT TITLE: MAHANIAN v. MASERATI NORTH AMERICA, INC., et al. | CASE NUMBER SC117031 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court. |
|---|

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES    CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 5  ☐ HOURS/ ☑ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | **A**<br>Civil Case Cover Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100   Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110   Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070   Asbestos Property Damage | 2. |
| | | ☐ A7221   Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260   Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210   Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240   Other Professional Health Care Malpractice | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250   Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230   Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270   Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220   Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: MAHANIAN v. MASERATI NORTH AMERICA, INC., et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☑ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation    Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

| SHORT TITLE: MAHANIAN v. MASERATI NORTH AMERICA, INC., et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: MAHANIAN v. MASERATI NORTH AMERICA, INC., et al. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1,** as the proper reason for filing in the court location you selected.

| REASON:  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☐2. ☑3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>Los Angeles County where cause of action arose. |
|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90025 |

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>Santa Monica</u> courthouse in the <u>West</u> District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: <u>5/11/12</u>

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 1 1 2012

John A. Clarke, Executive Officer/Clerk

By M. Kurihara, Deputy

ROBERT MAHANIAN
861 North Norman Place
Los Angeles, CA 90049
Telephone: (310) 710-9395
Facsimile: (800) 848-8892

Plaintiff in Pro Per

CASE MANAGEMENT CONFERENCE

AUG 2 8 2012    8:30    X
                      Date

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES - WEST DISTRICT

Richard A. Stone

|  |  |
|---|---|
| ROBERT MAHANIAN, | Case No. : SC117031 |
| Plaintiff, | PLAINTIFF'S COMPLAINT FOR DAMAGES; |
| vs. | 1) BREACH OF EXPRESS AND IMPLIED WARRANTIES UNDER SONG-BEVERLY CONSUMER WARRANTY ACT |
| MASERATI NORTH AMERICA, INC.; SERVIZIO ROSSO, LLC; and DOES 1 to 100, Inclusive, | 2) VIOLATION OF SONG-BEVERLY CONSUMER WARRANTY ACT - FAILURE TO REPAIR DEFECT(S) WITHIN A REASONABLE NUMBER OF ATTEMPTS |
| Defendants. | 3) VIOLATION OF SONG-BEVERLY CONSUMER WARRANTY ACT - FAILURE TO REPAIR DEFECT(S) WITHIN 30 DAYS |
|  | 4) VIOLATION OF EXPRESS WARRANTIES UNDER MAGNUSON-MOSS WARRANTY ACT |
|  | 5) VIOLATION OF IMPLIED WARRANTIES UNDER MAGNUSON-MOSS WARRANTY ACT |
|  | 6) INTENTIONAL MISREPRESENTATION |
|  | 7) NEGLEGENT MISREPRESENTATION |

1

COMPLAINT

1        )  **8) CONCEALMENT**
          )
2        )  **DEMAND FOR JURY TRIAL**
          )

3

4    Plaintiff, ROBERT MAHANIAN (herein after referred to as "MAHANIAN" or "Plaintiff"), hereby

5 alleges as follows:

### GENERAL ALLEGATIONS

### COMMON TO ALL CAUSES OF ACTION

    1.  MAHANIAN is, and at all times herein mentioned was, an individual residing in City of Los

Angeles, State of California.

    2.  MAHANIAN is informed and believes and thereon alleges that Defendant, MASERATI

NORTH AMERICA, INC. (herein after referred to as "MASERATI"), is, and at all times herein mentioned

was, a corporation duly licensed and/or authorized to conduct business in the County of Los Angeles, in the

State of California.  MASERATI is domiciled in the State of California at 818 West 7th Street, Los Angeles,

California, making venue appropriate in this court.

    3.  MAHANIAN is informed and believes, and thereon alleges that Defendants, SERVIZIO

ROSSO, LLC is and at all times herein mentioned was, a limited liability company, doing business in the

County of Los Angeles, State of California.

    4.  The true names and capacities, whether individual, corporate, associate, or otherwise, of

Defendant DOES 1 through 100, inclusive, are unknown to MAHANIAN, who therefore sues these

Defendants pursuant to C.C.P. § 474 by such fictitious names, and MAHANIAN will seek leave to amend

this Complaint to set forth their true names and capacities when ascertained.

    5.  MAHANIAN is informed and believes, and thereon alleges, that each of the Defendants is

responsible in some manner for the events and happenings herein referred to and caused injury and damage

to MAHANIAN as herein alleged.

    6.  MAHANIAN is informed and believes, and thereon alleges, that at all times herein

mentioned, Defendants, and each of them, were the agents, servants, and/or employees of each of their Co-

Defendants.

2

COMPLAINT

7.    MAHANIAN is informed and believes, and thereon alleges, that in doing the things hereinafter alleged, Defendants, and each of them, were acting in the course and scope of their employment as such agents, servants, and/or employees, and/or with the permission, consent, knowledge, and/or ratification of their Co-Defendants, principals, and/or employers.

8.    MAHANIAN is informed and believes and thereon alleges that Defendants MASERATI and/or DOES 1 through 100, inclusive, and each of them (hereinafter individually and collectively referred to as the "MANUFACTURER"), manufactured and/or distributed, in the United States and the State of California, a consumer good identified as a 2008 MASERATI GRANTURISMO bearing vehicle identification number ZAMGJ45AX80038881 (hereinafter referred to as the "SUBJECT VEHICLE"), for sale or lease to retail buyers or lessees.

9.    At all times mentioned herein, the SUBJECT VEHICLE was, and is, a "new motor vehicle" as defined at Civil Code § 1793.22(e)(2) of the Song-Beverly Consumer Warranty Act, Civil Code § 1790 et seq. (hereinafter referred to as the "ACT"), in that said SUBJECT VEHICLE was sold with the MANUFACTURER's new car warranty.

10.   On or about November 3, 2009 MAHANIAN purchased the SUBJECT VEHICLE for personal, family, and/or household purposes.  The purchase price of SUBJECT VEHICLE was $94,000. MANUFACTURER appended to the SUBJECT VEHICLE an express written "new car" warranty in which it warranted to perform any repairs or replacement of parts necessary to ensure that the SUBJECT VEHICLE and the components therein were free from all defects in material and workmanship, and to perform any adjustments necessary to maintain the utility of the SUBJECT VEHICLE and the parts, components, and various electrical and/or mechanical systems contained therein.

11.   MAHANIAN duly performed all the conditions on his part under each of the express warranties referenced above, except insofar as the acts and/or omissions of all Defendants herein, and each of them, as hereinafter alleged, prevented and/or excused such performance.

12.   On or about November 3, 2009 MAHANIAN took possession of the SUBJECT VEHICLE and shortly thereafter experienced the various defects listed below that substantially impair the use ,value, and/or safety of the SUBJECT VEHICLE.

3

COMPLAINT

13. The defects listed below violate the express written warranties issued to MAHANIAN by MANUFACTURER, as well as the implied warranty of merchantability.

14. MAHANIAN returned SUBJECT VEHICLE to MANUFACTURER and/or other authorized service providers of MANUFACTURER for various defects, including, but not limited to the following :

    a.  air conditioning malfunctions

    b.  passenger seat automatic movement malfunctions

    c.  leather interior coming apart

    d.  trunk lining separating from vehicle

    e.  vehicle compartments coming loose

    f.  panel separations in the passenger compartment

    g.  door locks

    h.  rattling noises from door / engine

    i.  vehicle security system/alarm malfunctions

    j.  transmission errors

    k.  radio errors

    l.  GPS/Navigation software errors

    m.  errors with emergency brake

15. Subsequently the SUBJECT VEHICLE exhibited further and additional defects, nonconformities, maladjustments, or malfunctions in the same components or systems multiple times.

16. MAHANIAN provided MANUFACTURER through authorized service providers of MANUFACTURER sufficient opportunities to repair the SUBJECT VEHICLE.

17. MAHANIAN notified MANUFACTURER directly or through authorized service providers of MANUFACTURER within a reasonable time after MAHANIAN's discovery of defects, nonconformities, maladjustments, or malfunctions:

18. On each occasion of notification, MAHANIAN attempted to invoke the applicable warranties, demanding that the MANUFACTURER or authorized repair facilities repair such non-conformities pursuant to the warranties.

19. Defendants, and each of them, represented to MAHANIAN that they could and would make the SUBJECT VEHICLE conform to the applicable warranties, and/or that they had successfully repaired the SUBJECT VEHICLE.

20. MANUFACTURER, through its authorized service providers was unable to and/or failed to repair the SUBJECT VEHICLE within a reasonable number of attempts to do so.

21. MAHANIAN justifiably lost confidence in the SUBJECT VEHICLE's reliability and said defects have substantially impaired the value of the SUBEJCT VEHICLE to plaintiff.

## FIRST CAUSE OF ACTION

### BREACH OF EXPRESS AND IMPLIED WARRANTIES UNDER CIVIL CODE § 1790, ET SEQ., THE SONG BEVERLY CONSUMER WARRANTY ACT

### (Against all Defendants, and DOES 1 through 100)

22. MAHANIAN restates and incorporates by reference each and every allegation contained in paragraphs 1 through 21, inclusive, as though fully set forth herein.

23. The vehicle is a "consumer good" within the meaning of Civil Code § 1791(a). MANUFACTURER is a "retail seller" within the meaning of Civil Code § 1791(1). MAHANIAN is a "buyer" within the meaning of Civil Code § 1791(b).

24. The representations made by Defendants and their agents, that the SUBJECT VEHICLE was merchantable, that it was subject to an express warranty, that it had been thoroughly inspected, and was subject to the representations made by Defendants as previously set forth above, were affirmations of fact or promises which became part of the basis of the bargain. In connection with the purchase, MAHANIAN received an express written warranty in which MAHANIAN undertook to preserve or maintain the utility or performance of the SUJBECT VEHICLE or provide compensation if there is a failure in utility or performance for a specified period of time. The warranty provided, in relevant part, that in the event a defect developed with the SUBJECT VEHICLE during the warranty period, MAHANIAN could deliver the vehicle for repair services to Defendant's representative and the vehicle would be repaired.

5

25.  The representations by Defendants were not true.  During the warranty period, the vehicle contained or developed defects.  Defendants breached the express warranty to MAHANIAN.

26.  The implied warranty of merchantability means and includes that the vehicle will comply with each of the following requirements: (1) The vehicle will pass without objection in the trade under the contract description; (2) The vehicle is fit for the ordinary purposes for which such goods are used; (3) The vehicle is adequately contained, packaged and labeled; and (4) The vehicle will conform to the promises or affirmations of fact made on the container or label.

27.  During the time period in which the implied warranty was in effect, the vehicle contained or developed the defects stated in paragraph 14 above. The existence of each of these defects constitutes a breach of the implied warranty because the vehicle (1) does not pass without objection in the trade under the contract description, (2) is not fit for the ordinary purposes for which such goods are used, (3) is not adequately contained, packaged, and labeled, and (4) does not conform to the promises or affirmations of fact made on the container or label.

28.  Accordingly, MAHANIAN seeks the remedies provided in California Civil Code Section 1794(b)(1) of the replacement or reimbursement of the SUBJECT VEHICLE.  In addition, MAHANIAN seeks the remedies set forth in California Civil Code Section 1794(b)(2), including the diminution in value of the vehicle resulting from its defects.  MAHANIAN believes that, at the present time, the vehicle's value is de minimis.

29.  Plaintiff has been damaged by Defendant's failure to comply with its obligations under the implied warranty, and therefore brings this claim pursuant to U.S.C. § 2310(d) and California Civil Code § 1794.

30.  Defendants do not maintain an informal dispute resolution process for the purpose of resolving claims for breach of the implied warranty of merchantability, and does not maintain an informal dispute resolution process for resolving express warranty claims that complies with the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission. Wherefore, MAHANIAN prays for judgment as hereinafter set forth.

## SECOND CAUSE OF ACTION

### VIOLATION OF SONG-BEVERLY CONSUMER WARRANTY ACT - FAILURE TO REPAIR DEFECT(S) WITHIN REASONABLE NUMBER OF ATTEMPTS (CIVIL CODE § 1793.2(d))

### (Against all Defendants, and DOES 1 through 100)

31.   MAHANIAN restates and incorporates by reference each and every allegation contained in paragraphs 1 through 21, inclusive, as though fully set forth herein.

32.   On or about November 3, 2009, MAHANIAN purchased SUBJECT VEHICLE which was manufactured or distributed by Defendants, and used by MAHANIAN primarily for personal, family, or household purposes.   MANUFACTURER is engaged in the business of manufacturing, distributing, or selling goods at retail .  Concurrent with the purchase, MAHANIAN received an express written warranty from MANUFACTURER which undertook to preserve or maintain the utility or performance of the SUBJECT VEHICLE or provide compensation if there is a failure in utility or performance during the warranty period.

33.   Thereafter, and during the warranty period, the SUBJECT VEHICLE developed the defects stated above.

34.   MANUFACTURER and its service providers in the state of California, have been unable to service or repair the SUBJECT VEHICLE to conform to the applicable express warranties after a reasonable number of attempts.  Despite this fact,  MANUFACTURER failed to promptly replace the SUBJECT VEHICLE or make restitution to MAHANIAN as required by Civil Code §1793.2(d) and Civil Code §1793.1(a)(2)

35.  MAHANIAN has been damaged by Defendant's failure to comply with Civil Code § 1793.2(d), and therefore brings this Cause of Action pursuant to Civil Code §1794.

36.   Defendant's failure to comply with the obligations imposed by Civil Code §1793.2(d) was willful, in the Defendant was aware that they were unable to service or repair the SUBJECT VEHICLE to conform to the applicable express warranties after a reasonable number of repair attempts, yet Defendant failed and refused to promptly replace the SUBJECT VEHICLE or make restitution despite MAHANIAN's demands.  MANUFACTURER has an established policy and practice of creating roadblocks to thwart a

7

COMPLAINT

customer's ability to exercise his or her rights under the Lemon Laws.  Accordingly, MAHANIAN is entitled to a civil penalty of two times MAHANIAN's actual damages pursuant to Civil Code § 1794(c).

37.  Prior to filing this suit, MAHANIAN requested that Defendant comply with Civil Code §1793.2(d). Despite defendant's violation of Civil Code § 1793.2(d) and notice of that failure, Defendant failed to comply within a reasonable time.   Accordingly, MAHANIAN is entitled to a civil penalty of two times MAHANIAN's actual damages pursuant to Civil Code § 1794(e).

38.  MAHANIAN seeks civil penalties pursuant to § 1794(c) and (e) in the alternative and does not seek to cumulate civil penalties, as provided in Civil Code § 1794(5).

### THIRD CAUSE OF ACTION

### VIOLATION OF SONG-BEVERLY CONSUMER WARRANTY ACT - FAILURE TO REPAIR DEFECT(S) WITHIN 30 DAYS (CIVIL CODE § 1793.2(b))

### (Against all Defendants, and DOES 1 through 100)

39.  MAHANIAN restates and incorporates by reference each and every allegation contained in paragraphs 1 through 21, inclusive, as though fully set forth herein.

40.  On or about November 3, 2009, MAHANIAN purchased SUBJECT VEHICLE which was manufactured or distributed by Defendants, and used by MAHANIAN primarily for personal, family, or household purposes.   MANUFACTURER is engaged in the business of manufacturing, distributing, or selling goods at retail .  Concurrent with the purchase, MAHANIAN received an express written warranty from MANUFACTURER which undertook to preserve or maintain the utility or performance of the SUBJECT VEHICLE or provide compensation if there is a failure in utility or performance during the warranty period.

41.  Thereafter, and during the warranty period, the SUBJECT VEHICLE developed the defects stated above.

42.  Although MAHANIAN delivered the SUBJECT VEHICLE to MANUFACTURER, or an authorized representative in this State, Defendant failed to service or repair the SUBJECT VEHICLE so as to conform to the applicable warranties within 30 days, in violation of Civil Code § 1793.2(b). MAHANIAN did not extend the time for completion of repairs beyond the 30-day requirement.

8

COMPLAINT

43.   MAHANIAN has been damaged by Defendant's failure to comply with their obligations pursuant to Civil Code § 1793.2(b), and therefore bring this Cause of Action pursuant to Civil Code § 1794.

44.   Pursuant to Civil Code § 1794(b), MAHANIAN's measure of damages on a cause of action for breach of § 1793.2(b) "shall include the rights of replacement or reimbursement as set forth in subdivision (d) of Section 1793.2, and [others specified therein]."

45.   Defendant's failure to comply with Civil Code § 1793.2(b) was willful, in that MANUFACTURER was aware that they were obligated to service or repair the SUBJECT VEHICLE to conform to the applicable express warranties within 30 days, yet failed to do so.   MANUFACTURER has an established policy and practice of creating roadblocks to thwart a customer's ability to exercise his or her rights under the Lemon Laws.   Accordingly, MAHANIAN is entitled to a civil penalty of two times MAHANIAN's actual damages pursuant to Civil Code § 1794(c).

## FOURTH CAUSE OF ACTION

### VIOLATION OF EXPRESS WARRANTIES UNDER MAGNUSON-MOSS WARRANTY ACT

### (Against all Defendants, and DOES 1 through 100)

46.   MAHANIAN restates and incorporates by reference each and every allegation contained in paragraphs 1 through 21, inclusive, as though fully set forth herein.

47.   On or about November 3, 2009, MAHANIAN purchased SUBJECT VEHICLE which was manufactured or distributed by Defendants, and used by MAHANIAN primarily for personal, family, or household purposes.   MANUFACTURER is engaged in the business of manufacturing, distributing, or selling goods at retail .   Concurrent with the purchase, MAHANIAN received an express written warranty from MANUFACTURER which undertook to preserve or maintain the utility or performance of the SUBJECT VEHICLE or provide compensation if there is a failure in utility or performance during the warranty period.

48.   Thereafter, and during the warranty period, the SUBJECT VEHICLE developed the defects stated above.

49.   Although MAHANIAN has provided Defendants with a reasonable number attempts to repair the SUBJECT VEHICLE, the SUBJECT VEHICLE contains a defect or malfunction.   Yet, Defendant

COMPLAINT

1  failed to permit MAHANIAN to elect a refund for, or replacement without charge, of the SUBJECT

2  VEHICLE, in violation of 15 U.S.C. § 2310 (a)(4) and 15 U.S.C.A. § 2310 (c)(2).

3                                    **FIFTH CAUSE OF ACTION**

4    **VIOLATION OF IMPLIED WARRANTIES UNDER MAGNUSON-MOSS WARRANTY ACT**

5                        **(Against all Defendants, and DOES 1 through 100)**

6            50.  MAHANIAN restates and incorporates by reference each and every allegation contained in

7  paragraphs 1 through 21, inclusive, as though fully set forth herein.

8            51.  The SUBJECT VEHICLE purchased by MAHANIAN was subject to an implied warranty of

9  merchantability as defined in 15 U.S.C. § 2301(7) running from the MANUFACTURER to the intended

10 consumer, Plaintiff herein.

11           52.  MANUFACTURER is a supplier of consumer goods as a person engaged in the business of

12 making a consumer product available to Plaintiff.

13           53.  MANUFACTURER is prohibited from disclaiming or modifying any implied warranty when

14 making a written warranty to the consumer or when MANUFACTURER has entered into a contract in

15 writing within ninety (90) days of purchase to perform services relating to the maintenance or repair of a

16 motor vehicle.

17           54.  Pursuant to 15 U.S.C. § 2308, Plaintiffs' vehicle was impliedly warranted to be substantially

18 free of defects and non-conformities in both material and workmanship, and thereby fit for the ordinary

19 purpose for which the vehicle was intended.

20           55.  The SUBJECT VEHICLE was warranted to pass without objection in the trade under the

21 contract description, and was required to conform to the descriptions of the vehicle contained in the

22 contracts and labels.

23           56.  The above described defects in the SUBJECT VEHICLE render the SUBJECT VEHICLE

24 unfit for the ordinary and essential purpose for which it was intended.

25           57.  As a result of the breaches of implied warranty by MANUFACTURER, MAHANIAN has

26 suffered and continues to suffer various damages.

27

28

                                               10

                                         COMPLAINT

## SIXTH CAUSE OF ACTION

### INTENTIONAL MISREPRESENTATION

### (Against all Defendants, and DOES 1 through 100)

58.  MAHANIAN restates and incorporates by reference each and every allegation contained in paragraphs 1 through 21, inclusive, as though fully set forth herein.

59.  Defendants and DOES 1 through 100, acting under the direction and on behalf of MANUFACTURER, made statements: (a) that were false representations of material fact to MAHANIAN; (b) that Defendants and DOES 1 through 100 knew were false or were made recklessly and without regard for their truth; (c) that Defendants and DOES 1 through 100 intended MAHANIAN to rely upon; (d) that MAHANIAN reasonably relied upon; (e) that MAHANIAN's reliance upon was a substantial factor in causing damage to MAHANIAN; and (f) caused damages to MAHANIAN.

60.  As a result of the foregoing, MAHANIAN has sustained actual, consequential, and incidental damages.

## SEVENTH CAUSE OF ACTION

### NEGLEGENT MISREPRESENTATION

### (Against all Defendants, and DOES 1 through 100)

61.  MAHANIAN restates and incorporates by reference each and every allegation contained in paragraphs 1 through 21, inclusive, as though fully set forth herein.

62.  Defendants and DOES 1 through 100, acting under the direction and on behalf of MANUFACTURER, made misrepresentations in regards to material facts that: (a) Defendants had no reasonable grounds for believing them to be true; (b) Defendants intended MAHANIAN to rely upon; (c) MAHANIAN reasonably relied upon such misrepresentations; (d) MAHANIAN's reliance upon such misrepresentations was a substantial factor in causing damage to MAHANIAN (e) caused damage to MAHANIAN.

63.  As a result of the foregoing, MAHANIAN has sustained actual, consequential, and incidental damages.

11

COMPLAINT

## EIGHTH CAUSE OF ACTION

### CONCEALMENT

### (Against all Defendants, and DOES 1 through 100)

64.   MAHANIAN restates and incorporates by reference each and every allegation contained in paragraphs 1 through 21, inclusive, as though fully set forth herein.

65.   Defendants have a duty, in speaking, to tell the truth.  MAHANIAN is informed and believes and thereupon alleges that when Defendants made representations they concealed the true facts.  Defendants therefore breached their duty to MAHANIAN.

66.   As a proximate result of the foregoing, MAHANIAN has sustained actual, consequential and incidental damages.

PLAINTIFF PRAYS for judgment against Defendant as follows :

1. For actual compensatory, general, and special damages according to proof at time of trial;

2. That such actual, compensatory and general damages be doubled and awarded to plaintiff as a civil penalty;

3. For a civil penalty in the amount of two times PLAINTIFF'S total damages pursuant to Civil Code § 1794(c) and (e);

4. For any consequential and incidental damages;

5. For replacement of SUBJECT VEHICLE;

6. For punitive damages (intentional misrepresentation);

12

COMPLAINT

7. For costs of the suit incurred herein;

8. For prejudgment, post-judgment, and other interest as provided by law;

9. For reasonable attorneys fees pursuant to Civil Code § 1794(d) and 15 U.S.C. § 2310(d);

10. For attorney's fees incurred herein according to proof; and

11. For such other relief as the Court may deem proper.

DATED: 5/11/12

_____
ROBERT MAHANIAN
Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff Robert Mahanian hereby demands a jury trial on all causes of action asserted herein.

DATED: 5/11/12

_____
ROBERT MAHANIAN
Plaintiff

13

COMPLAINT

**EXHIBIT  B**

**SUM-100**

# SUMMONS
### *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 1 1 2012

John A. Clarke, Executive Officer/Clerk

By M. Kurihara, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

MASERATI NORTH AMERICA, INC.; SERVIZIO ROSSO, LLC;
AND DOES 1 THROUGH 100 INCLUSIVE.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ROBERT MAHANIAN, An Individual.

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site *(www.lawhelpcalifornia.org)*, the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 o más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | CASE NUMBER: *(Número del Caso):* |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Santa Monica - West District | SC117081 |

1725 MAIN STREET, SANTA MONICA, CA 90401

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
ROBERT MAHANIAN, 861 North Norman Place, Los Angeles, CA 90049, 310-710-9395

| DATE: MAY 1 1 2012 *(Fecha)* | JOHN A. CLARKE, CLERK | Clerk, by *(Secretario)* M. Kurihara | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☑ on behalf of *(specify)*: SERVIZIO ROSSO, LLC

under: ☑ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

# SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CASE NO. _____ SC117031 _____

### NOTICE OF CASE ASSIGNMENT TO INDIVIDUAL CALENDAR COURT

**TO PLAINTIFFS AND PLAINTIFFS' ATTORNEYS OF RECORD or PLAINTIFFS IN PRO PER:**

**IT IS HEREBY ORDERED AND YOU ARE HEREBY NOTIFIED** that this action shall be assigned to a Judge for all purposes, including trial, as follows:

~~Richard A. Stone~~                              Department: ✗

☐    Santa Monica Courthouse                    Judge Richard A. Stone
     1725 Main Street                            Beverly Hills Courthouse
     Santa Monica, CA 90401                      Department WE-X
                                                 9355 Burton Way
                                                 Beverly Hills, CA 90210

**IT IS FURTHER ORDERED THAT PLAINTIFF OR COUNSEL FOR PLAINTIFF SHALL GIVE NOTICE OF THIS ALL-PURPOSE CASE ASSIGNMENT** by serving a copy of this Notice on all parties to this action at the time the Summons and Complaint are served, or, if not a served party, then when such party (including any cross-defendant or complainant-in-intervention) appears in the action.

**CASE MANAGEMENT REVIEW AND CONFERENCE:** Upon the filing of the Complaint, a Case Management Review and Conference will be calendared for hearing in the Court to which the case is assigned. The hearing date will be stamped upon the face of the Complaint. Plaintiff shall give notice of the Case Management Review and Conference to all named parties in conjunction with service of the Summons and Complaint and include any later appearing party such as a cross-defendant or complainant-in-intervention served within this time period. Proof of service must be brought to the hearing if not previously filed. Failure to timely file proof of service of Summons and Complaint within 60 days after filing the Complaint (CRC 3.110) may result in an Order to Show Cause re sanctions being issued. (CRC 3.110(f).)

If a case is assigned to Department X, located in the Beverly Hills Courthouse, all documents, pleadings, motions, and papers filed subsequent to the original Complaint shall be filed directly in the courtroom stamped upon the Complaint.

Pursuant to CRC 3.725, no later than 15 calendar days before the date set for the Case Management Conference or Review, each party must file a Case Management Statement and serve it on all other parties in the case.  In lieu of each party's filing a separate Case Management Statement, any two or more parties may file a joint Statement.

The subjects to be considered at the Case Management Conference shall include the following (CRC Rule 3.727):

(1)     Whether there are any related cases;

(2)     Whether all parties named in the Complaint or Cross-Complaint have been served, have appeared, or have been dismissed;

(3)     Whether any additional parties may be added or the pleadings may be amended;

(4)     Whether, if the case is a limited civil case, the economic litigation procedures under Code of Civil Procedure Section 90 et seq. will apply to it or the party intends to bring a motion to exempt the case from these procedures;

(5)     Whether any other matters (e.g., the bankruptcy of a party) may affect the Court's jurisdiction or processing of the case;

(6)     Whether the parties have stipulated to, or the case should be referred to, judicial arbitration in courts having a judicial arbitration program or to any other form of alternative dispute resolution (ADR) process and, if so, the date by which the judicial arbitration or other ADR process must be completed;

(7)     Whether an early settlement conference should be scheduled and, if so, on what date;

(8)     Whether discovery has been completed and, if not, the date by which it will be completed;

(9)     What discovery issues are anticipated;

(10)    Whether the case should be bifurcated or a hearing should be set for a motion to bifurcate under Code of Civil Procedure Section 598;

(11)    Whether there are any Cross-Complaints that are not ready to be set for trial and, if so, whether they should be severed;

(12)    Whether the case is entitled to any statutory preference and, if so, the statute granting the preference;

(13)    Whether a jury trial is demanded and, if so, the identity of each party requesting a jury trial;

(14)   If the trial date has not been previously set, the date by which the case will be ready for trial and the available trial dates;

(15)   The estimated length of trial;

(16)   The nature of the injuries;

(17)   The amount of damages, including any special or punitive damages;

(18)   Any additional relief sought;

(19)   Whether there are any insurance coverage issues that may affect the resolution of the case; and

(20)   Any other matters that should be considered by the Court or addressed in its Case Management Order.

**SANCTIONS:** The Court has authority to impose appropriate sanctions for the failure or refusal to comply with provisions of the California Rules of Court and Local Rules governing time standards and case management conference requirements or deadlines. Such sanctions may be imposed upon counsel, a party, or both, as permitted by rule, statute, or law.

**This is not a complete representation of the applicable Local Rules or California Rules of Court, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under the Trial Court Delay Reduction Rules. Careful reading and compliance with the Local Rules and California Rules of Court are absolutely imperative.**

JOSEPH S. BIDERMAN, Supervising Judge
Los Angeles Superior Court, West District

ADMIN/LM -7/26/11

-4-

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| ROBERT MAHANIAN<br>861 NORTH NORMAN PLACE<br>LOS ANGELES, CA 90049<br>TELEPHONE NO. 310-710-9395      FAX NO. 800-848-8892<br>ATTORNEY FOR (Name): | **CONFORMED COPY**<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>MAY 11 2012<br><br>John A. Clarke, Executive Officer/Clerk<br><br>By M. Kurihara, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS: 1725 MAIN STREET
MAILING ADDRESS: 1725 MAIN STREET
CITY AND ZIP CODE: SANTA MONICA, CA 90401
BRANCH NAME: WEST JUDICIAL DISTRICT

| CASE NAME:<br>MAHANIAN v. MASERATI NORTH AMERICA, INC., et al. | | |
|---|---|---|
| **CIVIL CASE COVER SHEET**<br>[✓] Unlimited   [ ] Limited<br>(Amount        (Amount<br>demanded      demanded is<br>exceeds $25,000)  $25,000 or less) | **Complex Case Designation**<br>[ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>SC117003<br><br>JUDGE<br>Richard A. Stone<br>DEPT |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[✓] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action (specify): EIGHT (8)
5. This case [ ] is  [✓] is not  a class action suit. (You may use form CM-015.)
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date:
ROBERT MAHANIAN
(TYPE OR PRINT NAME)                                       (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

| SHORT TITLE: MAHANIAN v. MASERATI NORTH AMERICA, INC., et al. | CASE NUMBER: SC117001 |

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 5   ☐ HOURS/ ☑ DAYS

Item II. Indicate the correct district and courthouse location (4 steps – if you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check <u>one</u> Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4, 8 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.0
Page 1 of 4

| SHORT TITLE | CASE NUMBER |
|---|---|
| MAHANIAN v. MASERATI NORTH AMERICA, INC., et al. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐  A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐  A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐  A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐  A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐  A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐  A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☒  A6025  Other Non-Personal Injury/Property Damage tort | 2. ③ |
| **Employment** | Wrongful Termination (36) | ☐  A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐  A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐  A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐  A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐  A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐  A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐  A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐  A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐  A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐  A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐  A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐  A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐  A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐  A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐  A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐  A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐  A6032  Quiet Title | 2., 6. |
| | | ☐  A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐  A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐  A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐  A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐  A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: | MAHANIAN v. MASERATI NORTH AMERICA, INC., et al. | CASE NUMBER |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2, 9.<br>2., 8.<br>2, 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2, 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE MAHANIAN v. MASERATI NORTH AMERICA, INC., et al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☐2. ☑3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS<br>Los Angeles County where cause of action arose. |
|---|---|
| CITY.<br>Los Angeles | STATE.<br>CA | ZIP CODE<br>90025 |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Santa Monica___ courthouse in the ___West___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: ___5/11/12___

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 1 1 2012

John A. Clarke, Executive Officer/Clerk

By M. Kurihara, Deputy

1　ROBERT MAHANIAN
　　861 North Norman Place
2　Los Angeles, CA 90049
　　Telephone: (310) 710-9395
3　Facsimile:  (800) 848-8892

CASE MANAGEMENT CONFERENCE

4　Plaintiff in Pro Per

AUG 2 8 2012　8:30　　X

5　　　　　　　　　　　　　　　　　　Date

6

7　　　　SUPERIOR COURT FOR THE STATE OF CALIFORNIA

8　　　　FOR THE COUNTY OF LOS ANGELES - WEST DISTRICT

9　　　　　　　　　　　　　　　　Richard A. Stone

10　ROBERT MAHANIAN,　　　　　　)　Case No. : SC117001
　　　　　　　　　　　　　　　　)
11　　　　　　　　　　　　　　　)　PLAINTIFF'S COMPLAINT FOR
　　　　　　　　　　　　　　　　)　DAMAGES;
12　　　　　　　　Plaintiff,　　　)
　　　　　　　　　　　　　　　　)　1) BREACH OF EXPRESS AND
13　vs.　　　　　　　　　　　　　)　IMPLIED WARRANTIES UNDER
　　　　　　　　　　　　　　　　)　SONG-BEVERLY CONSUMER
14　　　　　　　　　　　　　　　)　WARRANTY ACT
　　　　　　　　　　　　　　　　)
15　　　　　　　　　　　　　　　)　2) VIOLATION OF SONG-BEVERLY
　　　　　　　　　　　　　　　　)　CONSUMER WARRANTY ACT -
16　MASERATI NORTH AMERICA, INC.;　)　FAILURE TO REPAIR DEFECT(S)
　　SERVIZIO ROSSO, LLC; and  DOES 1 to　)　WITHIN A REASONABLE NUMBER
17　100, Inclusive,　　　　　　　　)　OF ATTEMPTS
　　　　　　　　　　　　　　　　)
18　　　　　　　　Defendants.　　)　3) VIOLATION OF SONG-BEVERLY
　　　　　　　　　　　　　　　　)　CONSUMER WARRANTY ACT -
19　　　　　　　　　　　　　　　)　FAILURE TO REPAIR DEFECT(S)
　　　　　　　　　　　　　　　　)　WITHIN 30 DAYS
20　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)　4) VIOLATION OF EXPRESS
21　　　　　　　　　　　　　　　)　WARRANTIES UNDER MAGNUSON-
　　　　　　　　　　　　　　　　)　MOSS WARRANTY ACT
22　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)　5) VIOLATION OF IMPLIED
23　　　　　　　　　　　　　　　)　WARRANTIES UNDER MAGNUSON-
　　　　　　　　　　　　　　　　)　MOSS WARRANTY ACT
24　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)　6) INTENTIONAL
25　　　　　　　　　　　　　　　)　MISREPRESENTATION
　　　　　　　　　　　　　　　　)
26　　　　　　　　　　　　　　　)　7) NEGLEGENT
　　　　　　　　　　　　　　　　)　MISREPRESENTATION
27　　　　　　　　　　　　　　　)

28　　　　　　　　　　　　　　　1

　　　　　　　　　　　　　COMPLAINT

)  8) CONCEALMENT
)
)
)  DEMAND FOR JURY TRIAL
)

Plaintiff, ROBERT MAHANIAN (herein after referred to as "MAHANIAN" or "Plaintiff"), hereby alleges as follows:

## GENERAL ALLEGATIONS
## COMMON TO ALL CAUSES OF ACTION

1.  MAHANIAN is, and at all times herein mentioned was, an individual residing in City of Los Angeles, State of California.

2.  MAHANIAN is informed and believes and thereon alleges that Defendant, MASERATI NORTH AMERICA, INC. (herein after referred to as "MASERATI"), is, and at all times herein mentioned was, a corporation duly licensed and/or authorized to conduct business in the County of Los Angeles, in the State of California. MASERATI is domiciled in the State of California at 818 West 7th Street, Los Angeles, California, making venue appropriate in this court.

3.  MAHANIAN is informed and believes, and thereon alleges that Defendants, SERVIZIO ROSSO, LLC is and at all times herein mentioned was, a limited liability company, doing business in the County of Los Angeles, State of California.

4.  The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendant DOES 1 through 100, inclusive, are unknown to MAHANIAN, who therefore sues these Defendants pursuant to C.C.P. § 474 by such fictitious names, and MAHANIAN will seek leave to amend this Complaint to set forth their true names and capacities when ascertained.

5.  MAHANIAN is informed and believes, and thereon alleges, that each of the Defendants is responsible in some manner for the events and happenings herein referred to and caused injury and damage to MAHANIAN as herein alleged.

6.  MAHANIAN is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants, and each of them, were the agents, servants, and/or employees of each of their Co-Defendants.

2

COMPLAINT

7. MAHANIAN is informed and believes, and thereon alleges, that in doing the things hereinafter alleged, Defendants, and each of them, were acting in the course and scope of their employment as such agents, servants, and/or employees, and/or with the permission, consent, knowledge, and/or ratification of their Co-Defendants, principals, and/or employers.

8. MAHANIAN is informed and believes and thereon alleges that Defendants MASERATI and/or DOES 1 through 100, inclusive, and each of them (hereinafter individually and collectively referred to as the "MANUFACTURER"), manufactured and/or distributed, in the United States and the State of California, a consumer good identified as a 2008 MASERATI GRANTURISMO bearing vehicle identification number ZAMGJ45AX80038881 (hereinafter referred to as the "SUBJECT VEHICLE"), for sale or lease to retail buyers or lessees.

9. At all times mentioned herein, the SUBJECT VEHICLE was, and is, a "new motor vehicle" as defined at Civil Code § 1793.22(e)(2) of the Song-Beverly Consumer Warranty Act, Civil Code § 1790 et seq. (hereinafter referred to as the "ACT"), in that said SUBJECT VEHICLE was sold with the MANUFACTURER's new car warranty.

10. On or about November 3, 2009 MAHANIAN purchased the SUBJECT VEHICLE for personal, family, and/or household purposes. The purchase price of SUBJECT VEHICLE was $94,000. MANUFACTURER appended to the SUBJECT VEHICLE an express written "new car" warranty in which it warranted to perform any repairs or replacement of parts necessary to ensure that the SUBJECT VEHICLE and the components therein were free from all defects in material and workmanship, and to perform any adjustments necessary to maintain the utility of the SUBJECT VEHICLE and the parts, components, and various electrical and/or mechanical systems contained therein.

11. MAHANIAN duly performed all the conditions on his part under each of the express warranties referenced above, except insofar as the acts and/or omissions of all Defendants herein, and each of them, as hereinafter alleged, prevented and/or excused such performance.

12. On or about November 3, 2009 MAHANIAN took possession of the SUBJECT VEHICLE and shortly thereafter experienced the various defects listed below that substantially impair the use ,value, and/or safety of the SUBJECT VEHICLE.

3

COMPLAINT

13. The defects listed below violate the express written warranties issued to MAHANIAN by MANUFACTURER, as well as the implied warranty of merchantability.

14. MAHANIAN returned SUBJECT VEHICLE to MANUFACTURER and/or other authorized service providers of MANUFACTURER for various defects, including, but not limited to the following :

    a.  air conditioning malfunctions

    b.  passenger seat automatic movement malfunctions

    c.  leather interior coming apart

    d.  trunk lining separating from vehicle

    e.  vehicle compartments coming loose

    f.  panel separations in the passenger compartment

    g.  door locks

    h.  rattling noises from door / engine

    i.  vehicle security system/alarm malfunctions

    j.  transmission errors

    k.  radio errors

    l.  GPS/Navigation software errors

    m. errors with emergency brake

15. Subsequently the SUBJECT VEHICLE exhibited further and additional defects, nonconformities, maladjustments, or malfunctions in the same components or systems multiple times.

16. MAHANIAN provided MANUFACTURER through authorized service providers of MANUFACTURER sufficient opportunities to repair the SUBJECT VEHICLE.

17. MAHANIAN notified MANUFACTURER directly or through authorized service providers of MANUFACTURER within a reasonable time after MAHANIAN's discovery of defects, nonconformities, maladjustments, or malfunctions.

18. On each occasion of notification, MAHANIAN attempted to invoke the applicable warranties, demanding that the MANUFACTURER or authorized repair facilities repair such non-conformities pursuant to the warranties.

4

COMPLAINT

19.  Defendants, and each of them, represented to MAHANIAN that they could and would make the SUBJECT VEHICLE conform to the applicable warranties, and/or that they had successfully repaired the SUBJECT VEHICLE.

20.  MANUFACTURER, through its authorized service providers was unable to and/or failed to repair the SUBJECT VEHICLE within a reasonable number of attempts to do so.

21.  MAHANIAN justifiably lost confidence in the SUBJECT VEHICLE's reliability and said defects have substantially impaired the value of the SUBEJCT VEHICLE to plaintiff.

## FIRST CAUSE OF ACTION

### BREACH OF EXPRESS AND IMPLIED WARRANTIES UNDER CIVIL CODE § 1790, ET SEQ., THE SONG BEVERLY CONSUMER WARRANTY ACT

### (Against all Defendants, and DOES 1 through 100)

22.  MAHANIAN restates and incorporates by reference each and every allegation contained in paragraphs 1 through 21, inclusive, as though fully set forth herein.

23.  The vehicle is a "consumer good" within the meaning of Civil Code § 1791(a). MANUFACTURER is a "retail seller" within the meaning of Civil Code § 1791(1).  MAHANIAN is a "buyer" within the meaning of Civil Code § 1791(b).

24.  The representations made by Defendants and their agents, that the SUBJECT VEHICLE was merchantable, that it was subject to an express warranty, that it had been thoroughly inspected, and was subject to the representations made by Defendants as previously set forth above, were affirmations of fact or promises which became part of the basis of the bargain.  In connection with the purchase, MAHANIAN received an express written warranty in which MAHANIAN undertook to preserve or maintain the utility or performance of the SUJBECT VEHICLE or provide compensation if there is a failure in utility or performance for a specified period of time.  The warranty provided, in relevant part, that in the event a defect developed with the SUBJECT VEHICLE during the warranty period, MAHANIAN could deliver the vehicle for repair services to Defendant's representative and the vehicle would be repaired.

5

25. The representations by Defendants were not true. During the warranty period, the vehicle contained or developed defects. Defendants breached the express warranty to MAHANIAN.

26. The implied warranty of merchantability means and includes that the vehicle will comply with each of the following requirements: (1) The vehicle will pass without objection in the trade under the contract description; (2) The vehicle is fit for the ordinary purposes for which such goods are used; (3) The vehicle is adequately contained, packaged and labeled; and (4) The vehicle will conform to the promises or affirmations of fact made on the container or label.

27. During the time period in which the implied warranty was in effect, the vehicle contained or developed the defects stated in paragraph 14 above. The existence of each of these defects constitutes a breach of the implied warranty because the vehicle (1) does not pass without objection in the trade under the contract description, (2) is not fit for the ordinary purposes for which such goods are used, (3) is not adequately contained, packaged, and labeled, and (4) does not conform to the promises or affirmations of fact made on the container or label.

28. Accordingly, MAHANIAN seeks the remedies provided in California Civil Code Section 1794(b)(1) of the replacement or reimbursement of the SUBJECT VEHICLE. In addition, MAHANIAN seeks the remedies set forth in California Civil Code Section 1794(b)(2), including the diminution in value of the vehicle resulting from its defects. MAHANIAN believes that, at the present time, the vehicle's value is de minimis.

29. Plaintiff has been damaged by Defendant's failure to comply with its obligations under the implied warranty, and therefore brings this claim pursuant to U.S.C. § 2310(d) and California Civil Code § 1794.

30. Defendants do not maintain an informal dispute resolution process for the purpose of resolving claims for breach of the implied warranty of merchantability, and does not maintain an informal dispute resolution process for resolving express warranty claims that complies with the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission. Wherefore, MAHANIAN prays for judgment as hereinafter set forth.

## SECOND CAUSE OF ACTION

### VIOLATION OF SONG-BEVERLY CONSUMER WARRANTY ACT - FAILURE TO REPAIR DEFECT(S) WITHIN REASONABLE NUMBER OF ATTEMPTS (CIVIL CODE § 1793.2(d))

(Against all Defendants, and DOES 1 through 100)

31.  MAHANIAN restates and incorporates by reference each and every allegation contained in paragraphs 1 through 21, inclusive, as though fully set forth herein.

32.  On or about November 3, 2009, MAHANIAN purchased SUBJECT VEHICLE which was manufactured or distributed by Defendants, and used by MAHANIAN primarily for personal, family, or household purposes.  MANUFACTURER is engaged in the business of manufacturing, distributing, or selling goods at retail . Concurrent with the purchase, MAHANIAN received an express written warranty from MANUFACTURER which undertook to preserve or maintain the utility or performance of the SUBJECT VEHICLE or provide compensation if there is a failure in utility or performance during the warranty period.

33.  Thereafter, and during the warranty period, the SUBJECT VEHICLE developed the defects stated above.

34.  MANUFACTURER and its service providers in the state of California, have been unable to service or repair the SUBJECT VEHICLE to conform to the applicable express warranties after a reasonable number of attempts. Despite this fact, MANUFACTURER failed to promptly replace the SUBJECT VEHICLE or make restitution to MAHANIAN as required by Civil Code §1793.2(d) and Civil Code §1793.1(a)(2)

35.  MAHANIAN has been damaged by Defendant's failure to comply with Civil Code § 1793.2(d), and therefore brings this Cause of Action pursuant to Civil Code §1794.

36.  Defendant's failure to comply with the obligations imposed by Civil Code §1793.2(d) was willful, in the Defendant was aware that they were unable to service or repair the SUBJECT VEHICLE to conform to the applicable express warranties after a reasonable number of repair attempts, yet Defendant failed and refused to promptly replace the SUBJECT VEHICLE or make restitution despite MAHANIAN's demands.  MANUFACTURER has an established policy and practice of creating roadblocks to thwart a

7

COMPLAINT

customer's ability to exercise his or her rights under the Lemon Laws.  Accordingly, MAHANIAN is entitled

to a civil penalty of two times MAHANIAN's actual damages pursuant to Civil Code § 1794(c).

37.  Prior to filing this suit, MAHANIAN requested that Defendant comply with Civil Code

§1793.2(d). Despite defendant's violation of Civil Code § 1793.2(d) and notice of that failure, Defendant

failed to comply within a reasonable time.  Accordingly, MAHANIAN is entitled to a civil penalty of two

times MAHANIAN's actual damages pursuant to Civil Code § 1794(e).

38.  MAHANIAN seeks civil penalties pursuant to § 1794(c) and (e) in the alternative and does

not seek to cumulate civil penalties, as provided in Civil Code § 1794(5).

## THIRD CAUSE OF ACTION

## VIOLATION OF SONG-BEVERLY CONSUMER WARRANTY ACT - FAILURE TO REPAIR

## DEFECT(S) WITHIN 30 DAYS (CIVIL CODE § 1793.2(b))

### (Against all Defendants, and DOES 1 through 100)

39.  MAHANIAN restates and incorporates by reference each and every allegation contained in

paragraphs 1 through 21, inclusive, as though fully set forth herein.

40.  On or about November 3, 2009, MAHANIAN purchased SUBJECT VEHICLE which was

manufactured or distributed by Defendants, and used by MAHANIAN primarily for personal, family, or

household purposes.  MANUFACTURER is engaged in the business of manufacturing, distributing, or

selling goods at retail . Concurrent with the purchase, MAHANIAN received an express written warranty

from MANUFACTURER which undertook to preserve or maintain the utility or performance of the

SUBJECT VEHICLE or provide compensation if there is a failure in utility or performance during the

warranty period.

41.  Thereafter, and during the warranty period, the SUBJECT VEHICLE developed the defects

stated above.

42.  Although MAHANIAN delivered the SUBJECT VEHICLE to MANUFACTURER, or an

authorized representative in this State, Defendant failed to service or repair the SUBJECT VEHICLE so as

to conform to the applicable warranties within 30 days, in violation of Civil Code § 1793.2(b).

MAHANIAN did not extend the time for completion of repairs beyond the 30-day requirement.

8

43. MAHANIAN has been damaged by Defendant's failure to comply with their obligations pursuant to Civil Code § 1793.2(b), and therefore bring this Cause of Action pursuant to Civil Code § 1794.

44. Pursuant to Civil Code § 1794(b), MAHANIAN's measure of damages on a cause of action for breach of § 1793.2(b) "shall include the rights of replacement or reimbursement as set forth in subdivision (d) of Section 1793.2, and [others specified therein]."

45. Defendant's failure to comply with Civil Code § 1793.2(b) was willful, in that MANUFACTURER was aware that they were obligated to service or repair the SUBJECT VEHICLE to conform to the applicable express warranties within 30 days, yet failed to do so. MANUFACTURER has an established policy and practice of creating roadblocks to thwart a customer's ability to exercise his or her rights under the Lemon Laws. Accordingly, MAHANIAN is entitled to a civil penalty of two times MAHANIAN's actual damages pursuant to Civil Code § 1794(c).

## FOURTH CAUSE OF ACTION

## VIOLATION OF EXPRESS WARRANTIES UNDER MAGNUSON-MOSS WARRANTY ACT

### (Against all Defendants, and DOES 1 through 100)

46. MAHANIAN restates and incorporates by reference each and every allegation contained in paragraphs 1 through 21, inclusive, as though fully set forth herein.

47. On or about November 3, 2009, MAHANIAN purchased SUBJECT VEHICLE which was manufactured or distributed by Defendants, and used by MAHANIAN primarily for personal, family, or household purposes. MANUFACTURER is engaged in the business of manufacturing, distributing, or selling goods at retail . Concurrent with the purchase, MAHANIAN received an express written warranty from MANUFACTURER which undertook to preserve or maintain the utility or performance of the SUBJECT VEHICLE or provide compensation if there is a failure in utility or performance during the warranty period.

48. Thereafter, and during the warranty period, the SUBJECT VEHICLE developed the defects stated above.

49. Although MAHANIAN has provided Defendants with a reasonable number attempts to repair the SUBJECT VEHICLE, the SUBJECT VEHICLE contains a defect or malfunction. Yet, Defendant

| NAME, ADDRESS AND PHONE NUMBER OF ATTORNEYS | FILE STAMP |
|---|---|

Attorney(s) for:

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

|  | CASE NUMBER |
|---|---|
| PLAINTIFF(S). | |
| vs. | STIPULATION AND ORDER RE BINDING ARBITRATION |
| DEFENDANT(S). | Status Conference Date: At_____ a.m. in Department_____ . |

**THE PARTIES SHOULD CONSIDER BINDING ARBITRATION. BINDING ARBITRATION PROVIDES FINALITY AND ELIMINATES COURT APPEARANCES. THE ARBITRATION IS PROVIDED AT NO COST TO THE PARTIES. IF THIS STIPULATION IS SIGNED AND FILED DIRECTLY IN THE ABOVE DEPARTMENT, FIVE COURT DAYS PRIOR TO THE DATE SET FOR THE STATUS CONFERENCE, NO APPEARANCE IS REQUIRED AT THE STATUS CONFERENCE.**

The parties and their attorneys, hereby stipulate as follows:

1. The matter shall be submitted to binding arbitration and the parties waive their right to a trial de novo as provided in California Code of Civil Procedure, Section 1141.20.

2. _____, a member of The Superior Court Arbitration panel, shall serve as arbitrator.

3. All cross complaints have been filed.

4. All fictitious and named defendants/cross-defendants who have not filed an answer are dismissed.

5. The court retains jurisdiction over motions to enforce the arbitration award and other post-arbitration motions.

Executed this_____ day   of_____ , 20___ .

_____
Plaintiff

_____
Attorney for Plaintifff

_____
Defendant

_____
Attorney for Defendant

## ORDER

It is so ordered:

DATE:_____   JUDGE _____

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

    **Cases for Which Mediation May Be Appropriate**
    Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

    **Cases for Which Mediation May Not Be Appropriate**
    Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

    **Cases for Which Arbitration May Be Appropriate**
    Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

    **Cases for Which Arbitration May Not Be Appropriate**
    If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

    **Cases for Which Neutral Evaluation May Be Appropriate**
    Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

    **Cases for Which Neutral Evaluation May Not Be Appropriate**
    Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

# LOS ANGELES SUPERIOR COURT ADR PROGRAMS

**CIVIL:**
- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12.)
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250.420.)
- **Civil Harassment Mediation**
- **Small Claims Mediation**

**FAMILY LAW (non-custody):**
- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554.)

**PROBATE:**
- **Mediation**
- **Settlement Conference**

## NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party **Select** Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

## COURT ADR PANELS

| | |
|---|---|
| **Party Select Panel** | The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| **Random Select Panel** | The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| **Private Neutral** | The market rate for private neutrals can range from $300-$1,000 per hour. |

## ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5885 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-8130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Disputes Resolution Program

A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office.

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FAX NO. (Optional):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference directly in the Courtroom on the approved form (copy attached;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

---

LACIV 036 (new)
LASC Approved 04/11

**STIPULATION – DISCOVERY RESOLUTION**

Page 1 of 3

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.  Be filed within two (2) court days of receipt of the Request; and

    iv.  Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____ )

➢ _____
(ATTORNEY FOR _____ )

➢ _____
(ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:
FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lasuperiorcourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
(INSERT DATE)                          (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:
_____        >  _____
        (TYPE OR PRINT NAME)                                    (ATTORNEY FOR PLAINTIFF)

Date:
_____        >  _____
        (TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)

Date:
_____        >  _____
        (TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)

Date:
_____        >  _____
        (TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)

Date:
_____        >  _____
        (TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____)

Date:
_____        >  _____
        (TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____)

Date:
_____        >  _____
        (TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____)

| | | |
|---|---|---|
| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
| TELEPHONE NO.:       FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

CASE NUMBER:

## STIPULATION AND ORDER – MOTIONS IN LIMINE

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:  FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   ☐   Request for Informal Discovery Conference
   ☐   Answer to Request for Informal Discovery Conference
2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).
3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).
4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. This description should not exceed the space below and one additional page. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

## The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

# PROOF OF SERVICE
## 1013A (3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF <u>LOS ANGELES</u>

I am employed in the County of Los Angeles, State of California. I am over the age of l8 years and not a party to the within action; my business address is 879 West 190th Street, Suite 700, Gardena, California 90248.

On May 31, 2012, I served the foregoing document described as **NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES OFFICE UNDER 28 USC 1441(b) FEDERAL QUESTION; DECLARATION OF RICHARD L. STUHLBARG; EXHIBITS "A" – "B"** on all interested parties in this action

[  ] by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:

[and/or]

[XX] by placing [ ] the original and/or [XX] a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

## SEE ATTACHED SERVICE LIST

[XX]  (BY MAIL)
    [ ]  I deposited such envelope in the mail in Gardena, California. The envelope was mailed with postage thereon fully prepaid.
    [XX]  As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day, during the ordinary course of business, with postage thereon fully prepaid at Gardena, California.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]  (BY PERSONAL SERVICE) I caused to be delivered such envelope by hand to the office(s) of the addressee.

Executed on May 31, 2012 at Gardena, California.

[ ]  (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[XX]  (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Debra Sam Madokoro
Print Name

Signature

## SERVICE LIST

### Robert Mahanian v. Maserati North America, Inc., et al.
### Los Angeles County Superior Court – West District (Beverly Hills)
### Case No. SC117031

Robert Mahanian
861 North Norman Place
Los Angeles, CA  90049

**Plaintiff in Pro Per**

TEL:         310-710-9395
FAX:         800-848-8892

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George H. Wu and the assigned discovery Magistrate Judge is Jacqueline Chooljian.

The case number on all documents filed with the Court should read as follows:

## CV12- 4831 GW (JCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

═══════════════════════════════════════════════════

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| ROBERT MAHANIAN | MASERATI NORTH AMERICA, INC.; SERVIZIO ROSSO, LLC; and DOES 1 through 100, Inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Robert Mahanian<br>Plaintiff in Pro Per<br>861 North Norman Place<br>Los Angeles, CA 90049<br>310.710.9395 | Richard L. Stuhlbarg (SBN: 180631)<br>Douglas J. Lief (SBN: 240025)<br>Bowman and Brooke LLP<br>879 W. 190th St., Suite 700<br>Gardena, CA 90248<br>(310) 768-3068 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No     ☒ **MONEY DEMANDED IN COMPLAINT: $** 94,000

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Petition for Removal under federal question jurisdiction 28 U.S.C. 1441(b)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☒ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | **IMMIGRATION** | ☐ 445 American with Disabilities – Employment | ☐ 640 R.R. & Truck | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

| FOR OFFICE USE ONLY: | Case Number: |
|---|---|

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

| CV-71 (05/08) | CIVIL COVER SHEET | | Page 1 of 2 |
|---|---|---|---|
| | | American LegalNet, Inc.<br>www.FormsWorkflow.com | |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles, California | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Servizio Rosso, LLC: Incorporated in California/ principal place of business in Beverly Hills, California | Maserati North America, Inc.: Incorporated in Delaware / principal place of business in Englewood Cliffs, New Jersey |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
Note: **In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County, California | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): *[signature]*    Date May 31 , 2012
Richard L. Stuhlbarg

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com

## PROOF OF SERVICE
### 1013A (3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF <u>LOS ANGELES</u>

   I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action; my business address is 879 West 190th Street, Suite 700, Gardena, California 90248.

   On May 31, 2012, I served the foregoing document described as **CIVIL COVER SHEET** on all interested parties in this action

[  ] by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:

### [and/or]

[XX] by placing [  ] the original and/or [XX] a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

### SEE ATTACHED SERVICE LIST

[XX]  (BY MAIL)
   [  ]  I deposited such envelope in the mail in Gardena, California. The envelope was mailed with postage thereon fully prepaid.
   [XX]  As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day, during the ordinary course of business, with postage thereon fully prepaid at Gardena, California.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[  ]  (BY PERSONAL SERVICE) I caused to be delivered such envelope by hand to the office(s) of the addressee.

Executed on May 31, 2012 at Gardena, California.

[  ]  (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[XX]  (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____          _____
Debra Sam Madokoro                            Signature
Print Name

0009570-LAX  3

## SERVICE LIST

### Robert Mahanian v. Maserati North America, Inc., et al.
**Los Angeles County Superior Court – West District (Beverly Hills)**
**Case No. SC117031**

Robert Mahanian
861 North Norman Place
Los Angeles, CA  90049

**Plaintiff in Pro Per**

TEL:        310-710-9395
FAX:       800-848-8892